## THE STATE v. CLEMENS.

1. **Criminal law**: OBSTRUCTING A RAILWAY TRACK. Under section 3979, of the Code, it is not necessary to allege in the indictment, or prove upon the trial, that the obstruction wilfully or maliciously placed upon the track of a railway, actually did obstruct or hinder its trains.

2. ———: ACCOMPLICE: EVIDENCE. Other corroboration than that tending to show the commission of the offense is necessary to sustain a conviction based upon the testimony of an accomplice.

*Appeal from Montgomery District Court.*

MONDAY, APRIL 27.

THE defendant was indicted for wilfully and maliciously placing an obstruction upon the track of a railroad. The indictment was based on Code of 1873, § 3979, which is the same as Revision of 1860, § 4320. Upon a trial the defendant was found guilty and sentenced to three and a half years in the penitentiary. The defendant appeals.

*Smith McPherson,* for appellant.

*M. E. Cutts, Attorney-General,* for the State.

COLE, J.—The indictment charges the offense in the language of the statute, substantially, and is sufficient. We do not think it necessary to either allege in the indictment, or to prove on the trial, that the obstruction so wilfully and maliciously placed on the track, did actually obstruct, hinder, or delay the trains on said railroad.

1. CRIMINAL LAW: obstructing railway.

The testimony tended to show that the defendant, having a diseased horse, caused him to be placed and tied upon the track of the railroad, with a view to having the horse killed by the train, and then obtaining a liberal price for him from the railroad company. The only witness tending in any degree to connect the defendant with the commission of the offense was a confessed accomplice. He was, doubtless, sufficiently corroborated by the testimony of other witnesses tending to show the commission of the offense and some of the

circumstances. The only witness, however, whose testimony it is claimed at all tended to corroborate the accomplice respecting the connection of the defendant with the commission of the offense, was that of the wife of the accomplice; but she only testified of conversations with the defendant respecting the killing of the horse, and the efforts of the railroad employes to fasten guilt upon him. Her testimony does not show any sufficient admission by him of his connection with the alleged crime.

Our statute, Code of 1873, § 4559, provides that " a conviction cannot be had upon the testimony of an accomplice, 2. ——: accomplice · evidence. unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof." We confess that the testimony of the accomplice, and the circumstances of combination and influence under which he testifies, as shown by himself, almost wholly destroy the claim of any credibility whatever. And the wife of the accomplice is directly contradicted by at least one witness. The crime charged is a very heinous one, fully deserving the measure of punishment awarded. But, under our statute as to the testimony of accomplices, we cannot see how the conviction upon the evidence, as furnished us in this case, can be upheld.

REVERSED.